UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| STEVEN M. EMERSON, #153453, | ) |
| Plaintiff, | ) Case No. 1:10-cv-690 |
| v. | ) Honorable Paul L. Maloney |
| RAYMOND INGRAHAM, M.D., et al., | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns the adequacy of his medical care at the Lakeland Correctional Facility (LCF). He names Raymond Ingraham, M.D., Brian Burns, M.D., Diane Schwartz, R.N., and Health Unit Manager Nancy Lange as defendants. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. He alleges that defendant Schwartz was deliberately indifferent to his serious medical needs when she gave LCF's deputy warden false information indicating that plaintiff had been observed "cheeking" or hiding medication under his tongue, resulting in the May 17, 2010 termination of prescriptions by Drs. Ingraham and Burns. (Compl. ¶¶ 17, 18, 26-29, 36).

The matter is before the court on defendant Schwartz's motion for summary judgment based on the affirmative defense that plaintiff did not properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) before filing this lawsuit. (docket # 22). Plaintiff has filed a response (docket #s 25, 26) and defendant's motion is ready for decision. For the reasons set forth

herein, I recommend that defendant Schwartz's motion be granted and that a partial judgment be entered in her favor on all plaintiff's claims. A final judgment should not be entered because the recommended disposition does not resolve all plaintiff's claims against all defendants.[1]

## Applicable Standards

### A. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir.

---

[1] Defendant Ingraham has preserved the affirmative defense provided by section 1997e(a) (*see* docket # 19 at ID # 62), but he has not filed a motion for summary judgment attempting to carry his burden on the affirmative defense. Defendants Burns and Lange have not been served with process.

2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury

would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). The higher summary judgment standard applies to defendant Schwartz's motion for summary judgment based on an affirmative defense.

### B. Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant Schwartz has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his

administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court. 548 U.S. at 90-93; *see* 42 U.S.C. § 1997e(a). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures. (*See* docket # 23-1). In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the Step I grievance. The following is an overview of the grievance process. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control. *Id.* at ¶ P. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* The Policy Directive also provides the following directions for completing Step I grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his or her involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Ketzner v. Williams*, No. 4:06-cv-73, 2008 WL 4534020, at * 16 (W.D. Mich. Sept. 30, 2008) (collecting cases); *accord Sullivan v. Kasajaru*, 316 F. App'x at 470.

The inmate submits the grievance to a designated grievance coordinator who makes an initial determination whether it should be rejected under MDOC policy or assigns it to a respondent. P.D. 03.02.130 at ¶¶ W, X. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The Step II

respondent for grievances regarding health care issues is the Regional Health Administrator or the Administrator's designee. *Id.* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF. The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. The Grievance and Appeals Section forwards grievances regarding health care issues to the Administrator of the Bureau of Health Care Services (BHCS). The BHCS Administrator is required to ensure that the grievance is investigated and a response provided to the Grievance and Appeals Section in a timely manner. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process. The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations.");

*see Booth v. Churner*, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. On May 18, 2010, plaintiff filed a grievance against Dr. Ingraham because a day earlier he had discontinued plaintiff's pain medication. (Grievance No. LCF-2010-05-0502-12F3, docket # 23-3 at ID # 102, docket # 25-1 at ID #s 114-15). Plaintiff's grievance against Dr. Ingraham was denied at Step I of the grievance process. Nurse Schwartz was the author of the Step I grievance response:

> All evaluations pertaining to the grievant['s] medical concerns have been addressed. The Step I Grievance and medical records have been reviewed. The grievant has asked for and received medical care according to policy. The grievant has a medical treatment plan that has been re-evaluated and medication changes have been initiated. Failure to agree with the medical treatment plan does not substantiate denial of medical care. The grievant has ongoing medical care including diagnostic testing and medical practitioner follow[-up] appointments scheduled. A policy violation has not occurred.

(docket # 23-3 at ID # 103, docket # 25-1 at ID # 116).

On or about June 10, 2010, plaintiff was informed by a member of his family that Nurse Schwartz had provided false information about plaintiff hiding pills under his tongue. Plaintiff did not file a grievance against Schwartz. (Plf. Aff. ¶¶ 2-4, docket # 26).

On June 15, 2010, plaintiff drafted his Step II grievance appeal. (docket # 23-3 at ID # 100, docket # 25-1 at ID # 117). On June 28, 2010, the Step II appeal was denied. (docket # 23-3 at ID # 101, docket # 25-1 at ID # 118). On July 20, 2010, plaintiff filed this lawsuit.

Plaintiff's first reference to defendant Schwartz appears in his Step III appeal of the denial of his grievance against Dr. Ingraham, set forth verbatim below:

> The issue at steps one and two was not resolved when Nurse Schwartz and HUM Lange provided the false statements about me diverting my meds, caused the indifference when Doctors Burns and Ingraham stopped my meds causing me heart problems and hospitalization. Thus, this appeal is necessary to further address my issue and prevent me from dying. The lack of medication causes further pain and suffering and indifference to my health.

(docket # 23-3 at ID # 100, *see* Plf. Aff. ¶¶ 3-5). On September 13, 2010, plaintiff's Step III grievance appeal was rejected because it was untimely:

> Grievant is alleging that his pain medication was inappropriately altered or discontinued without a proper examination being completed.
>
> All relevant information within the grievance process and electronic medical record has been reviewed. In accordance to [sic] PD 03.02.130 Grievances are to be rejected as duplicative, untimely, illegible, etc. Pursuant to policy, this grievance is rejected as untimely filed at the Step III appeal. The grievant's Step III appeal was to be received by July 17, 2010, however, it was not received until August 3, 2010. The grievant does not provide appropriate support for this delay.
>
> Grievance rejected.

(docket # 23-3 at ID # 99).

## Discussion

Defendant Schwartz has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against her as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not properly exhaust any claim against defendant Schwartz. *See Woodford*, 548 U.S. at 90, 93. Plaintiff never filed a grievance against defendant Schwartz. Adding Schwartz's name to his Step III appeal of the denial of his grievance against Dr. Ingraham did not properly exhaust any claim against Schwartz. *See Ketzner v. Williams*, 2008 WL 4534020, at * 16; *accord Sullivan v. Kasajaru*, 316 F. App'x at 470.

Plaintiff's argument that it would have been futile for him to file a grievance against Nurse Schwartz is patently meritless. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d at 309. Further, a grievance against Schwartz for providing false information would not have been duplicative of his grievance against Dr. Ingraham for his decision to terminate plaintiff's prescription. Plaintiff states that on or about June 10, 2010, he learned that Nurse Schwartz had provided false information about his hiding medication under his tongue. (Plf. Aff. ¶¶ 3-5). If he had pursued a grievance against Schwartz in June 2010, it would not have been rejected as untimely. (*See* Policy Directive 03.02.130 ¶ P). Plaintiff elected not to file a grievance against Schwartz. I find that defendant Schwartz has carried her burden on the affirmative defense. She is entitled to judgment in her favor as a matter of law.

### Recommended Disposition

For the foregoing reasons, I recommend that defendant Schwartz's motion for summary judgment (docket # 22) be granted, and that a partial judgment be entered in her favor on all plaintiff's claims. A final judgment should not be entered because the recommended disposition does not resolve all plaintiff's claims against all defendants.

Dated: July 26, 2011          /s/ Joseph G. Scoville
                              United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file

timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).